UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF LOUISIANA; LEAGUE OF WOMEN VOTERS OF LOUISIANA EDUCATION FUND; VOICE OF THE EXPERIENCED; NAACP LOUISIANA STATE CONFERENCE; and POWER COALITION FOR EQUITY AND JUSTICE,<br><br>*Plaintiffs,*<br><br>v.<br><br>NANCY LANDRY, *in her official capacity as Secretary of State for Louisiana*; DAVID N. MATLOCK, *in his official capacity as Secretary of the Department of Children & Family Services*; MICHAEL HARRINGTON, *in his official capacity as Secretary of the Department of Health*, DR. CADE BRUMLEY, *in his official capacity as Superintendent of Education for the Department of Education*; SUSANA SCHOWEN, *in her official capacity as Secretary of the Workforce Commission*; and MISTI S. CORDELL, *in her official capacity as Chairwoman of the Board of Regents*,<br><br>*Defendants.* | Civil Action No. 25-413-JWD-SDJ |

STATUS REPORT

**A.    JURISDICTION**

What is the basis for the jurisdiction of the Court?

Plaintiffs: This action is brought under the United States Constitution, 52 U.S.C. § 20507 et seq. (the National Voter Registration Act of 1993, "NVRA"), 42 U.S.C. § 1983, and 42 U.S.C.

1

§ 1988. This Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because the claims in this action arise under the laws of the United States. This Court also has jurisdiction under 28 U.S.C. §§ 1343(a)(3), 1343(a)(4), and 1357.

This Court has jurisdiction to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

This Court has personal jurisdiction over the Defendants because they are citizens of Louisiana.

Venue is proper under 28 U.S.C. § 1391(b) because at least one defendant resides in this district and all defendants are residents of the State of Louisiana, and because a substantial portion of the events or omissions giving rise to these claims occurred in this district.

Defendant: Defendants will contest jurisdiction in their forthcoming motion to dismiss.

**B.    BRIEF EXPLANATION OF THE CASE**

    1.    Plaintiffs' claims:

Plaintiffs challenge Louisiana's S.B. 436, which purports to require proof of citizenship for voter registration beyond what federal law allows. Plaintiffs' claims arise under the First and Fourteenth Amendments to the U.S. Constitution and the NVRA, 52 U.S.C. § 20501, et seq.

    2.    Defendant's claims:  Defendants will contest the merits in their forthcoming motion to dismiss.

**C.    PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

    1.    Plaintiffs' motions:

- None.

    2.    Defendant's motions:

- None.

**D.**    **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

Plaintiffs:

- Whether S.B. 436's proof of citizenship requirement is unconstitutionally vague in violation of the Fourteenth Amendment.

- Whether S.B. 436 violates Sections 6 and 9 of the National Voter Registration Act ("NVRA"), to the extent it imposes a requirement beyond what is "necessary" to enable state officials to assess the eligibility of voter registration applicants to vote in federal elections.

- Whether S.B. 436 violates Section 6 of the NVRA's "accept and use" provision and is thus preempted by federal law, to the extent it is construed as applying to Federal Form voter registration applicants.

- Whether S.B. 436's instruction to decline to register facially eligible applicants who do not provide additional proof of citizenship violates Section 8 of the NVRA.

- Whether any requirement as a result of S.B. 436 that voter registration applicants at public assistance agencies registering to vote using the State Form provide additional proof of citizenship violates Section 7 of the NVRA.

4

- All of the above legal issues are in dispute.

Defendant:

- Defendants dispute all of Plaintiffs' claims.
- Defendants will raise jurisdictional issues in their forthcoming motion to dismiss.

**E.  DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages:

Not applicable. Plaintiffs seek injunctive and declaratory relief in this action.

2. Defendant's calculation of offset and/or plaintiff's damages:

Not applicable.

3. Counterclaimant/cross claimant/third party's calculation of damages:

Not applicable.

**F.  SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: None.

**G.  DISCOVERY**

1. Initial Disclosures:

    A.  Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES    [X] NO

5

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

    B.    Do any parties object to initial disclosures?

[X] YES    [ ] NO

For any party who answered *yes*, please explain your reasons for objecting.

Plaintiffs believe that initial disclosures should be exchanged as soon as possible. Defendants believe initial disclosures should be postponed until 21-days after the Court rules on their forthcoming motion to dismiss.

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

- None.

By defendant(s):

- None.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

N/A

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

6

By plaintiff(s):

Expert disclosures will be made at the time imposed by the Court in its scheduling order.

By defendant(s):

If any are needed, expert disclosures will be made at the time imposed by the Court in its scheduling order.

**H.    PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: 21 days after the Court's resolution of Defendants' forthcoming motion to dismiss.

2. Recommended deadlines to join other parties or to amend the pleadings:

    Plaintiffs' proposed deadline:        August 18, 2025

    Defendant's proposed deadline:        August 18, 2025

3. Filing all discovery motions and completing all discovery except experts:

    Plaintiffs' proposed deadline:        October 13, 2025

    Defendant's proposed deadline:        October 13, 2025

4. Disclosure of identities and resumés of expert witnesses and exchange of expert reports (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiffs' proposed deadline:        October 27, 2025

    Defendant's proposed deadline:        October 27, 2025

6. Completion of discovery from experts:

       Plaintiffs' proposed deadline:       December 12, 2025

       Defendant's proposed deadline:       December 12, 2025

7. Filing dispositive motions and Daubert motions:

       Plaintiffs' proposed deadline:       January 30, 2026

       Defendant's proposed deadline:       January 30, 2026

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

    a. Deadline to file pre-trial order[2] (approximately 16 weeks after dispositive motion deadline).

    b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    d. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

[2] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

    e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

**I.** **TRIAL**

 1. Has a demand for trial by jury been made?

    [ ] YES [X] NO

 2. Estimate the number of days that trial will require.

Plaintiffs anticipate that they will need 40 hours to present their case.

Defendants anticipate that they will need 40 hours to present their case.

**J.** **OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

    Plaintiff: [ ] YES [X] NO
    Defendant: [ ] YES [X] NO

   i.  If the answer is *yes*, please explain:

   ii.  If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

    [ ] YES [X] NO

**K.** **SETTLEMENT**

 1. Please set forth what efforts, if any, the parties have made to settle this case to date.

 2. Do the parties wish to have a settlement conference:

    [ ] YES [X] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

**L.** **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

  All parties agree to jurisdiction by a Magistrate Judge of this court:

    [ ] YES [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: July 16, 2025

*/s/ Valencia Richardson*
Valencia Richardson (LSBA # 39312)
Danielle Lang*
Alice Huling*
Anna Baldwin*
Alexandra Copper*
Heather Szilagyi*
Marisa Wright*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
vrichardson@campaignlegalcenter.org
dlang@campaignlegalcenter.org
ahuling@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
acopper@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
mwright@campaignlegalcenter.org

*/s/ Ahmed Soussi*
Ahmed K. Soussi (LSBA # 38414)
Rose Murray (LSBA # 34690)
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
Tel: (334) 213-8303
ahmed.soussi@splcenter.org
rose.murray@splcenter.org

*/s/ Bradley E. Heard*
Bradley E. Heard*
Sabrina Khan*
SOUTHERN POVERTY LAW CENTER
101 17th Street NW, Suite 550
Washington, DC 20036
bradley.heard@splcenter.org
sabrina.khan@splcenter.org

*/s/ Robert Weiner*
Robert Weiner*
David Rollins-Boyd*
Javon Davis*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20009
Tel: (202) 662-8600
rweiner@lawyerscommittee.org
drollins-boyd@lawyerscommittee.org
jdavis@lawyerscommittee.org

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

|  |  |
|---|---|
|  | ELIZABETH B. MURRILL<br>Attorney General |
| /s/ *Samuel W. Plauché IV* | /s/ *Zachary Faircloth* |
| SAMUEL W. PLAUCHE IV (La #20444) | ZACHARY FAIRCLOTH (La #39875) |
| MEGAN TERRELL (La #29433) |   Principal Deputy Solicitor General |
| HARRY VORHOFF (La #35365) | KELSEY L. SMITH* |
| PLAUCHE & Carr |   Deputy Solicitor General |
| 1110 River Rd S. Suite 200 | OFFICE OF THE LOUISIANA ATTORNEY GENERAL |
| Baton Rouge, LA 70802 | 1885 North Third Street |
| Telephone:  (225) 256-4028 | Baton Rouge, LA 70804 |
| Facsimile:   (206) 588-4255 | Telephone:  (225) 421-4088 |
| Billy@plauchecarr.com | Facsimile:   (225) 326-6795 |
| Megan@plauchecarr.com | FairclothZ@ag.louisiana.gov |
| Harry@plauchecarr.com | smithkel@ag.louisiana.gov |
| *Counsel for Defendant Nancy Landry* | *Counsel for Defendants* |
|  | *admitted pro hac vice |