# EXHIBIT 2

# Declaration of Catherine J. Newsome, First Assistant Secretary of State

## DECLARATION OF CATHERINE J. NEWSOME

I, Catherine J. Newsome, hereby state, under penalty of perjury, that the following information is true to my knowledge, information, and belief:

1. I am over the age of 18 years, competent to testify to the matters contained herein, and make this declaration based upon my personal knowledge and experience.

2. I am the First Assistant Secretary of State, Executive Division, Louisiana Department of State, and I have been in this position since January 2024. Prior to becoming the First Assistant Secretary of State, I was the State Archivist and Executive Director of the Louisiana State Archives. At the direction of the Secretary of State, I am responsible for performing the duties assigned to me by law and by the Secretary of State, including administering election laws.

3. To streamline implementation of Act 500 of the 2024 Regular Session of the Louisiana Legislature, on January 30, 2025, on behalf of the State of Louisiana and the chief election official, the Department of State submitted to the United States Election Assistance Commission ("EAC") a notice of change to voter eligibility requirements in Louisiana, as required under the National Voter Registration Act (11 C.F.R. § 9428.6(c)), and a request for modification to the Louisiana-specific instructions on the National Mail Voter Registration Application Form ("Federal Form").

4. An amended and supplemental request was submitted on February 24, 2025, to include additional modifications to the state-specific instructions.

5. On May 17, 2025, Louisiana asked the EAC to pause its review of the request to provide an opportunity for the State to submit additional evidentiary information relevant to the request, and on June 25, 2025, Louisiana asked the EAC to resume its review and consider the additional information provided in support of that request. The June 25, 2025, submittal and supporting documents are attached hereto as Exhibit 1.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on July 22, 2025, at Baton Rouge, Louisiana.

*Catherine J. Newsome*
Catherine J. Newsome
First Assistant Secretary of State

2

# EXHIBIT 1

to Newsome Declaration: June 15, 2025 Letter from First Assistant Secretary Newsome to Executive Director Schletz

# SECRETARY OF STATE



**NANCY LANDRY**
SECRETARY OF STATE



P.O. BOX 94125
BATON ROUGE, LA 70804-9125

June 25, 2025

Ms. Brianna Schletz
Executive Director
U.S. Election Assistance Commission
633 3rd St. NW, Suite 200
Washington, DC 20001

Re:   Notice of Changes to Voter Eligibility Requirements and Request for Modification to Louisiana-Specific Instructions on the National Mail Voter Registration Application Form

Dear Ms. Schletz,

On January 30, 2025, on behalf of the State of Louisiana and the chief election official, we submitted a notice of changes to voter eligibility requirements in Louisiana and a request for modification to the Louisiana-specific instructions on the National Mail Voter Registration Application Form ("Federal Form"). An amended and supplemental request was submitted on February 24, 2025, to include additional modifications to the state-specific instructions to account for the mandatory search fields required to utilize certain databases that will assist State election officials with assessing the eligibility of voter registration applicants. On May 17, 2025, Louisiana asked the EAC to pause its review of our request to provide an opportunity for the State to submit additional evidentiary information relevant to our request. We now ask that the EAC resume its review of our request and consider the additional information provided herein and attached hereto, including supplemental Louisiana election statistics data. This information is submitting, in part, in response to federal Executive Order 14,248, "Preserving and Protecting the Integrity of American Elections," and the Order granting in part and denying in part the motions for preliminary injunction in the *League of United Latin American Citizens, et al. v. Executive Office of the President, et al.* consolidated cases.[1] We are also supplementing this request to include an additional change in Louisiana law that is required for the State to process voter registration applications. This change in law triggers a new request for revisions to the State-specific instructions, which has been added to the end of this letter.

As noted in our original request, the Louisiana Voter Registration Application also needs to be amended to include the changes requested herein. Because it is not feasible for Louisiana to maintain a dual voter registration system, it will be more efficient to amend the State form following the approval by the EAC of these changes to the Federal Form. To provide sufficient

---

[1] Order (Doc. No. 103), Case No. 25-cv-00946 (U.S.D.C.) (April 24, 2025).

time to implement revisions to the State form, we have requested an effective date of January 15, 2026, for the requested revisions, and a decision from the EAC no later than August 1, 2025.

### State-Specific Instructions for Box 6

*The requested modifications are identical to the modifications submitted in Louisiana's Amended Request for Modification to Louisiana-Specific Instructions dated February 24, 2025.*

Louisiana requests the following revisions, identified as Option 1(A), to the state-specific instructions in order to comply with Act 500 and the National Voter Registration Act ("NVRA"). I am also including an alternate revision, identified as Option 1(B), which is the same as Option 1(A) except that the place of birth and unique immigration identifier would be attached as a separate document instead of being written in Box 6. I am including Option 1(B) for consideration only in the event that it is determined that Box 6, in its current or revised format, cannot accommodate an applicant's ID number, place of birth, and unique immigration identifier, as applicable.

In addition to the changes required to comply with Act 500, Louisiana is also requesting certain stylistic revisions to the instructions to improve readability for the applicant by ensuring constituency in the use of "you" and "your" when referring to the applicant.

- **Option 1(A).** Revise the current Louisiana-specific instruction number 6 as follows (deletions shown as strikethrough and new text shown as underlined):

    "6.ID Number. You must provide your Louisiana driver's license number or Louisiana special identification card number, if issued. If not issued, you must provide at least the last four digits of your social security number, if issued. The full social security number may be provided on a voluntary basis. If ~~the applicant~~ you do not have ~~has neither~~ a Louisiana driver's license, a Louisiana special identification card, or a social security number, ~~the applicant shall~~ you must attach one of the following items to ~~his~~ your application: (a) a copy of a current and valid photo identification; or (b) a copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows your ~~the~~ name and address ~~of applicant~~. <u>In addition to the above information, you shall also provide in box 6, if applicable, your unique immigration identifier (e.g. USCIS/Alien Registration Number; Form I-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; Naturalization/Citizenship Certificate Number; or Card Number/I-797 Receipt Number). If you do not have a unique immigration number, you shall provide in box 6 your place of birth (State/Province, Country); sex; and if known, your mother's maiden name (last name before marriage).</u> Neither the registrar nor the Department of State shall disclose the social security number of a registered voter or circulate the social security numbers of registered voters on commercial lists (R.S. 18:104 and

154; 42 U.S.C. § 405)."

- **Option 1(B)**. Revise the current Louisiana-specific instruction number 6 as follows (deletions shown as strikethrough and new text shown as underlined):

"6.ID Number. You must provide your Louisiana driver's license number or Louisiana special identification card number, if issued. If not issued, you must provide at least the last four digits of your social security number, if issued. The full social security number may be provided on a voluntary basis. If ~~the applicant has~~ you do not have ~~neither~~ a Louisiana driver's license, a Louisiana special identification card, or a social security number, ~~the applicant shall~~ you must attach one of the following items to ~~his~~ your application: (a) a copy of a current and valid photo identification; or (b) a copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows your ~~the~~ name and address ~~of applicant~~. In addition to the above information, you must also attach a separate document that legibly states your place of birth (State/Province, Country); your sex; if applicable, your unique immigration identifier (e.g. USCIS/Alien Registration Number; Form I-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; Naturalization/Citizenship Certificate Number; or Card Number/I-797 Receipt Number); and, if known, your mother's maiden name (last name before marriage). Neither the registrar nor the Department of State shall disclose the social security number of a registered voter or circulate the social security numbers of registered voters on commercial lists (R.S. 18:104 and 154; 42 U.S.C. § 405)."

## Justification for Revisions to the State-Specific Instructions for Box 6

The revisions requested to Louisiana's state-specific instructions for Box 6 are necessary to implement Act 500 and enable State election officials to assess the eligibility of the applicant and to administer voter registration and other parts of the election process.[2] They will also improve the speed and efficiency through which voter registration applications can be processed, thereby increasing the number of citizens who register to vote in elections while minimizing the burden on all voter registration applicants.

Election integrity is of critical importance to Louisiana, and the State seeks to verify the citizenship of registration applicants as a part of its assessment of voter eligibility. With information readily known or obtainable by registration applicants, Louisiana can verify citizenship. While information provided on the current Federal Form allows State election officials to verify the citizenship of many registration applicants, it is insufficient to assess the eligibility of every Louisiana applicant. The additional information that Louisiana is seeking through the modification of its State-specific instructions will allow Louisiana to determine the

---

[2] *See* 42 U.S.C. § 1973gg–7(b)(1).

3

voter eligibility of applicants that it cannot assess with information currently provided on the Federal Form.

The importance of verifying citizenship can be demonstrated using existing data on noncitizen voters registered to vote in Louisiana. Between the years 2017-2024, 124 registered voters were identified as potential noncitizens. Voters flagged as potential noncitizens were challenged in accordance with La. R.S. 18:193, which requires the registrar of voters to send a notification to the registrant's address on file at the registrar's office. 97 of the 124 registrants challenged as potential noncitizens pursuant to La. R.S. 18:193 had their names removed from the list of eligible voters for failure to appear before a registrar to show cause demonstrating eligibility.

While the number of noncitizens identified as registered to vote in Louisiana was small, many state and local elections in Louisiana have been decided by very narrow margins. Between 2021-2024, 362 Louisiana state and local elections were decided by less than 30 votes, and 180 of those elections were decided by less than 15 votes.[3] Given these statistics, a vote by a person who is not eligible to vote has the real potential to affect the outcome of Louisiana state and local elections. Additionally, as noted above, prior to 2024, Louisiana election officials were not able to use OMV data to verify citizenship for every voter registration applicant. Louisiana election officials also did not have access to the SAVE system to verify citizenship.[4] As a result, the number of noncitizens registered to vote in Louisiana could be higher.

Louisiana has an indisputable interest in preventing election fraud and preserving the integrity of its election process.[5] Ensuring that only eligible U.S. citizens are voting is a legitimate state interest and an important aspect of election integrity.[6] Underscoring the critical state interest of election integrity, the Supreme Court has recognized that "fraud can affect the outcome of a close election, and fraudulent votes dilute the right of citizens to cast ballots that carry appropriate weight. Fraud can also undermine public confidence in the fairness of elections and the perceived legitimacy of the announced outcome."[7] It is therefore necessary for Louisiana to take all reasonable and prudent steps to verify the citizenship of registration applicants to assess their eligibility to vote.

Under the NVRA, a State may request that the EAC add a state-specific instruction to the Federal Form.[8] Courts have held that the state-specific instructions may only require such identifying information and other information "as is necessary" to enable the State election official to assess the eligibility of the applicant and to administer voter registration and other parts of the election process. In *Arizona v. Inter Tribal Council of Arizona, Inc.*, the U.S. Supreme Court held that an Arizona law that amended the State's election code to require county

---

[3] *See* Declaration of Sherri Hadskey.
[4] Louisiana has recently been provided with access to the SAVE system; however, SAVE is not yet being used for voter registration purposes.
[5] *See Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006) ("A State indisputably has a compelling interest in preserving the integrity of its election process.").
[6] *See Crawford v. Marion County Election Bd.*, 553 U.S. 181, 196 (2008) ("There is no question about the legitimacy or importance of the State's interest in counting only the votes of eligible voters.").
[7] *Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647, 672 (2021).
[8] 52 U.S.C. § 20508(a).

4

recorders to reject any application for registration that is not accompanied by satisfactory evidence of United States citizenship was preempted by the NVRA's mandate that States "accept and use" the Federal form.[9] The Court further concluded that the NVRA "does not preclude the States from denying registration based on information in their possession establishing the applicant's ineligibility."[10] Because the NVRA provides that the Federal Form may require such information that is necessary to enable the State to assess the eligibility of the applicant, the Court held that a State may request that the EAC alter the Federal Form to include information the State deems necessary to determine eligibility and may seek judicial review of the EAC's decision under the Administrative Procedure Act.[11]

Louisiana is actively working with the OMV, Louisiana Department of Public Health ("LDH"), the U.S. Citizenship and Immigration Services ("USCIS"), the National Association of Public Health Statistics and Information Systems ("NAPHSIS"), and custodians of other available databases to increase its access to existing information that will assist State election officials to assess the eligibility of voter registrants, administer voter registration and other parts of the election process, and comply with State law. Louisiana's coordination with OMV and LDH includes prospective citizenship verification of voter registration applicants using existing information in their databases. The OMV recently updated its internal procedures for documenting lawful permanent resident status in its records, which will improve Louisiana's ability to assess the eligibility of registrants.[12] OMV is also updating its internal operating system and databases, which are more than 50 years old, and the modernized system is anticipated to improve data sharing with State election officials, including data used to verify voter eligibility. It is unclear how long this process will take or whether OMV has sufficient funding to complete the upgrades.

Additional databases can fill the citizen verification gaps in OMV and LDH data. Some of these databases require additional information to run the searches, *e.g.* immigration enumerator, mother's maiden name, sex, and place of birth. Access to these databases will allow State election officials to determine eligibility using readily known or obtainable information provided by applicants while minimizing the burden on all voter registration applicants. The verification procedure Louisiana seeks to implement imposes obligations on State election officials to confirm eligibility in the first instance and is designed to reduce the number of voter registration applicants who will receive a verification letter from the registrar of voters requesting additional information to assess eligibility. In other words, voter registration applicants will not be required to provide documentary proof of citizenship with the Federal Form, *e.g.* a birth certificate, U.S. passport, certificate of naturalization, Native American tribal document, or military identification card. Instead, Louisiana is requesting information that should be readily known or obtainable, including an immigration enumerator (as applicable), place of birth, sex, and mother's maiden name. Providing this readily known or obtainable information imposes a de minimis burden, if any, on applicants and shifts nearly all of the burden to State election officials who will determine eligibility using the information provided.

---

[9] 570 U.S. 1 (2013).

[10] *Id.* at 15.

[11] *Id.* at 20.

[12] Prior policies and internal procedures did not flag permanent resident status, making OMV citizenship records insufficient for determining citizenship in some instances.

5

Verification procedures that impose obligations on state election officials to confirm eligibility in the first instance present only a de minimis, if any, burden on voters and therefore do not run afoul of federal law.[13] And the Supreme Court has held that preventing fraud is a legitimate state interest.[14] Louisiana's plan for implementing Act 500 represents a tailored approach to preventing fraud and preserving the integrity of the election process while minimizing unnecessary burdens on voter registration applicants.

### New Requested Revision to State-Specific Instructions for Box 7

Act 1 of the 2024 First Extraordinary Session of the Louisiana Legislature amended La. R.S. 18:410.1 – 410.10 to provide for a closed party primary system of elections for certain offices, including an office of senator or representative in the United States Congress, justice of the Louisiana Supreme Court, the State Board of Elementary and Secondary Education, and the Louisiana Public Service Commission. As a result, Louisiana is requesting a revision to the Federal Form to update the State-specific instructions relative to party affiliation to reflect the new closed party primary system for these offices. The effective date of these changes is January 1, 2026; therefore, this notice is timely.

Louisiana requests the following revision to Box 7 of the Federal Form (new text shown as underlined):

> 7. Choice of Party. If you do not list a party affiliation, you may not be able to vote in the Presidential Preference Primary, closed party primary elections, and party committee elections. Political party affiliation is not required for any other election.

This request supplements the information in our January 30, 2025, and February 24, 2025, correspondence to your office. For ease of review, this supplemental request includes the original Declaration of Secretary Landry (submitted with the January 30, 2025, request) and an updated Declaration of Commissioner Hadskey. It also requests one additional revision to Box 7 of the Louisiana-specific instructions. Your prompt consideration of this request is appreciated. I am available to answer any questions that may come up during your or the Commissioners review of this request.

Sincerely,

*Catherine J Newsome* (signature)

Catherine Newsome
First Assistant Secretary of State
Executive Division
Secretary of State Nancy Landry
Phone: (225) 362-5101
Email: catherine.newsome@sos.la.gov

---

[13] *See generally Burdick v. Takushi*, 504 U.S. 428, 433 (1992), *citing Anderson v. Celebrezze*, 460 U.S. 780, 788-89 (1983) (a court considering a challenge to a state election law must weigh "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiffs seek to vindicate" against "the precise interests put forward by the State as justifications for the burden imposed by its rule….").
[14] *Brnovich*, 594 U.S. 647, 672 (2021).