**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF LOUISIANA, et al., | |
| PLAINTIFFS, | Civil Action No. 3:25-cv-413 |
| v. | Judge: JWD - SDJ |
| NANCY LANDRY, et al., | |
| DEFENDANTS. | |

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY

**INTRODUCTION**

Discovery should be stayed. Plaintiffs press discovery in a case with no operative complaint and in which Defendants will imminently renew a sovereign-immunity defense in a motion to dismiss. *See* ECF Nos. 66, 75. Because Fifth Circuit precedent requires the resolution of a motion to dismiss predicated on sovereign immunity before permitting any discovery, *see Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022), the Court should grant Defendants' motion, stay discovery until then, and deny Plaintiffs' motion to compel as moot.

**BACKGROUND**[1]

Two weeks ago, the Court held a status conference to consolidate two pleading-stage lawsuits, each targeting the Secretary of State in her official capacity to challenge the constitutionality of a state law. ECF No. 75; *see* ECF No. 46, *National Council of Jewish Women, Greater New Orleans Chapter v. Landry*, No. 3:25-cv-676 (M.D. La.). Given the consolidation, the Court denied without prejudice Defendants' then-pending motion to dismiss (ECF No. 66) and ordered the consolidated plaintiffs to file an amended complaint by January 29 and Defendants to file their renewed motion to dismiss by February 27. Like the Defendants' first motion to dismiss, *see* ECF No. 66-1 at 17–18, their renewed motion to dismiss will be predicated in part on the Secretary's entitlement to sovereign immunity. Yet, without so much as a live

---

[1] While this section sets forth only the relevant posture sufficient to grant Defendants' motion to stay discovery, a full account of this lawsuit, its allegations, and its procedural history is available in Defendant's Motion to Dismiss. *See* ECF No. 66 at 2–8.

1

complaint on file, Plaintiffs moved to compel discovery. *See* ECF No. 75. The Court should stay discovery and deny that motion to compel as moot.

## STANDARD OF REVIEW

A court "may, for good cause" protect a party from "undue burden or expense" by staying discovery. Fed. R. Civ. P. 26(c)(1). It has "broad discretion … to stay discovery," especially "until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). And it has a "non-discretionary duty" to invoke that power when a defendant asserts an immunity from suit. *In re Paxton*, 60 F.4th 252, 256 (5th Cir. 2023).

## ARGUMENT

### I. THE COURT SHOULD STAY DISCOVERY UNTIL IT CONSIDERS DEFENDANTS' SOVEREIGN IMMUNITY DEFENSE.

Discovery should be stayed until the Court resolves Defendants' forthcoming motion to dismiss predicated, in part, on sovereign immunity. District courts "may not permit discovery against [any] immunity-asserting defendants before it rules on their defense." *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). That is because "[s]overeign immunity is an immunity from *suit* (including discovery), not just liability." *Russell*, 49 F.4th at 514 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go." *Id*.

The Fifth Circuit has therefore repeatedly instructed lower courts that permitting discovery before "consideration" of "a motion to dismiss predicated on sovereign immunity" is an abuse of discretion. *In re Paxton*, 60 F.4th at 256; *see Texas*

2

*v. Caremark, Inc.*, 584 F.3d 655, 660 (5th Cir. 2009). And this Court has faithfully heeded that instruction. *See Sibley v. Dick*, 3:23-CV-00024, 2023 WL 8417642, at *1 (M.D. La. Dec. 4, 2023) ("The Fifth Circuit has instructed that discovery should not be permitted when a public official has asserted an immunity defense." (citation omitted)); *Education Explosion, Inc. v. La. Bd. of Elementary and Secondary Education*, No. CV 25-163-JWD-RLB, 2026 WL 105017, at *4 (M.D. La. Jan. 14, 2026); *Skinner v. Gautreaux*, CV 20-595-SDD-SDJ, 2022 WL 16752843, at *2 (M.D. La. Nov. 7, 2022) (Johnson, M.J.) (granting motion to stay pending immunity issue); *see* Order, ECF No. 77, *Alleman v. Harness*, No. 3:24-cv-877 (M.D. La. Nov. 19, 2025) (Johnson, M.J.) (granting motion to stay discovery and denying motion to compel as moot when defendants "raise[d] the argument of sovereign immunity").

Here, too, the Court has "a non-discretionary duty to ascertain its jurisdiction by ruling on [Defendants'] motion to dismiss before allowing" discovery to proceed. *Paxton*, 60 F.4th at 257–58; *accord* ECF No. 77, *Alleman*, No. 3:24-cv-877. The Court should thus stay discovery until it rules on Defendants' forthcoming motion to dismiss.

## CONCLUSION

The Court should grant Defendants' motion to stay discovery.

3

Dated: January 29, 2026                          Respectfully submitted,

                                                          ELIZABETH B. MURRILL
                                                          Attorney General

| /s/ Samuel W. Plauché IV | /s/ Zachary Faircloth |
|---|---|
| SAMUEL W. PLAUCHÉ IV (La #20444) | ZACHARY FAIRCLOTH (La #39875) |
| MEGAN TERRELL (La #29433) |   Principal Deputy Solicitor General |
| HARRY VORHOFF (La #35365) | KELSEY L. SMITH* |
| PLAUCHÉ & CARR |   Deputy Solicitor General |
| 1110 River Rd S. Suite 200 | OFFICE OF THE LOUISIANA ATTORNEY GENERAL |
| Baton Rouge, LA 70802 | 1885 North Third Street |
| Telephone: (225) 256-4028 | Baton Rouge, LA 70802 |
| Facsimile: (206) 588-4255 | Telephone: (225) 421-4088 |
| Billy@plauchecarr.com | Facsimile: (225) 326-6795 |
| Megan@plauchecarr.com | FairclothZ@ag.louisiana.gov |
| Harry@plauchecarr.com | SmithKel@ag.louisiana.gov |
| *Counsel for Defendant Nancy Landry* | *Counsel for Defendants* |
| | * admitted pro hac vice |

4