**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LEAGUE OF WOMEN VOTERS OF LOUISIANA, ET AL**     **CIVIL ACTION**

**VERSUS**

                                                      **NO. 25-413-JWD-SDJ**

**NANCY LANDRY, ET AL**

---

## ORDER

Before the Court is Defendants' Motion to Stay Discovery (R. Doc. 76). The Motion is opposed (R. Doc. 80 and R. Doc. 82), and Defendants have filed a Reply (R. Doc. 97).

### I.    Background

Defendants filed a Motion to Stay Discovery (R. Doc. 76) on January 29, 2026, arguing that Defendants would imminently renew a sovereign immunity defense in a motion to dismiss. Defendants assert that, because Fifth Circuit precedent requires the resolution of a motion to dismiss predicated on sovereign immunity before permitting any discovery, the Court should grant Defendants' motion and stay discovery until then. Defendants filed their Motions to Dismiss on February 27, 2026, predicated in part on a sovereign immunity defense. (R. Doc. 86 and R. Doc. 98).

### II.    Legal Standard

A court "may, for good cause" protect a party from "undue burden or expense" by staying discovery. Fed. R. Civ. P. 26(c)(1). It has "broad discretion … to stay discovery," especially "until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). And it has a "nondiscretionary duty" to invoke that power when a defendant asserts an immunity from suit. *In re Paxton*, 60 F.4th 252, 256 (5th Cir. 2023).

No federal or local rule, statute, or binding case law automatically stays discovery pending a ruling on a dispositive motion, absent extraordinary circumstances.[1] Indeed, "if the Federal Rules of Civil Procedure contemplated that pending motions to dismiss would stay discovery, they would contain a provision to that effect".[2] A stay of discovery in light of a pending dispositive motion is the exception rather than the rule.[3] It is an "extraordinary step" and should not be granted merely because a defendant believes it will prevail on a dispositive motion.[4] While some courts may take the strength of a dispositive motion into account when determining whether to stay discovery, this is only a cursory review of the dispositive motion to assess whether the arguments are so substantial to render discovery futile.[5] Courts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion, because the mere existence of a dispositive motion does not constitute good cause.[6]

Nevertheless, while discretionary stays of discovery are "very rare" in the context of a Rule 12(b)(6) motion to dismiss, that analysis is different when a party asserts a plausible defense of sovereign immunity. *Moreno v. United States*, 2024 WL 3763755, at *2 (W.D. Tex. Aug. 12,

---

[1] *See, e.g. Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021) (citing *Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved.")).

[2] *X Corp. v. Media Matters for Am.*, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024).

[3] *Notariano v. Tangipahoa Par. Sch. Bd.*, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018) (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)).

[4] *Valenzuela v. Crest-Mex Corp.*, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017); *Griffin v. Am. Zurich Ins. Co.*, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (citing *Glazer's*, 2008 WL 2930482).

[5] *X Corp.*, 2024 WL 1895255, at *2.

[6] *See, e.g., Great Lakes*, 2021 WL 7708048 at *10 ("[Defendant's] pending dispositive motion does not render discovery premature."); *Valenzuela*, 2017 WL 2778104, at *5 ("[A]lthough the motion to compel arbitration might, if granted, result in the complete dismissal of this case as pending in this Court, that possibility alone does not, considering all the other factors discussed above, justify taking the extraordinary step of staying discovery."); *Ashford Inc. v. United Here.*, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015) (Lynn, J.) (denying discovery stay because "the Court has a general interest in efficiently managing its docket, an interest that is rarely served by staying discovery pending the outcome of an arguably meritorious dispositive motion"); *Glazer's*, 2008 WL 2930482, at *1 ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss."); *United States. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (declining to stay discovery for pending Rule 12(b)(6) motion where movants did not show that discovery would be oppressive, unduly burdensome, or expensive).

2024) (citing cases). "A stay of discovery may be merited where the defendant raises the defense of sovereign immunity, which is a threshold issue that could be dispositive of the action." *Belfor USA Grp., Inc. v. Democracy Prep Louisiana Charter Sch.*, 2020 WL 6329470, at *4 (M.D. La. Oct. 28, 2020) (citing *Davis v. United States Army Rsrv. Through 321st Sustainment Brigade*, 2019 WL 5777387, at *2 (M.D. La. Nov. 5, 2019)). This Court, relying on Fifth Circuit precedent, routinely stays discovery pending resolution of motions to dismiss raising threshold issues such as qualified immunity. *Baxter v. Louisiana*, 2022 WL 1509118, at *1 (M.D. La. May 12, 2022) (citing cases).

"Sovereign immunity is an immunity from suit (including discovery), not just liability." *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) (citation omitted); see *In re Paxton*, 60 F.4th 252, 256 (5th Cir. 2023); *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022); *Texas v. Caremark, Inc.*, 584 F.3d 655, 657 (5th Cir. 2009). Put simply, "[w]here sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go." *Russell*, 49 F.4th at 514.

District courts therefore "may not permit discovery against [any] immunity asserting defendants before it rules on their defense." *Carswell*, 54 F.4th at 311. This Court has faithfully heeded that instruction. *See Sibley v. Dick*, 3:23-CV-00024, 2023 WL 8417642, at *1 (M.D. La. Dec. 4, 2023) ("The Fifth Circuit has instructed that discovery should not be permitted when a public official has asserted an immunity defense." (citation omitted)); *Education Explosion, Inc. v. La. Bd. of Elementary and Secondary Education*, No. CV 25-163-JWD-RLB, 2026 WL 105017, at *4 (M.D. La. Jan. 14, 2026); *Skinner v. Gautreaux*, CV 20-595-SDD-SDJ, 2022 WL 16752843, at *2 (M.D. La. Nov. 7, 2022) (Johnson, M.J.) (granting motion to stay pending immunity issue); see Order, ECF No. 77, *Alleman v. Harness*, No. 3:24-cv-877 (M.D. La. Nov. 19, 2025) (Johnson,

M.J.) (granting motion to stay discovery and denying motion to compel as moot when defendants "raise[d] the argument of sovereign immunity"). A stay of discovery in this case is therefore mandatory until the Court resolves Defendants' motions to dismiss predicated on sovereign immunity.

### III.    Discussion

Defendants have now filed their motions to dismiss, which raise threshold jurisdictional defenses—including sovereign immunity for the Secretary of State. Because sovereign immunity is a jurisdictional bar that must be resolved before discovery proceeds, and because the motion to dismiss squarely puts that defense before the Court, discovery must be stayed until the Court resolves Defendants' motions to dismiss. Because sovereign immunity is immunity from suit and its associated costs, and because this Court regularly stays discovery pending the resolution of such threshold issues, the Court finds it appropriate to stay discovery until a ruling has been made on the issue of sovereign immunity.

And so,

**IT IS ORDERED** that Defendants' Motion to Stay Discovery (R. Doc. 76) is **GRANTED**, and all **discovery** is **STAYED** until the issue of sovereign immunity has been resolved. Upon resolution of the Motions to Dismiss, the parties shall, if appropriate, file a motion for scheduling conference to set new discovery deadlines.

Signed in Baton Rouge, Louisiana, on April 27, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**