**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LEAGUE OF WOMEN VOTERS OF LOUISIANA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-413-JWD-SDJ** |
| **NANCY LANDRY, ET AL.** | |

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Dismiss Plaintiffs' Amended Complaint* ("*MTD*") (Doc. 86) filed by Defendants Nancy Landry, David Matlock, Bruce Greenstein, Cade Brumley, Susana Schowen, Misti Cordell, and Charlene Meaux Menard (collectively, "Defendants"). Plaintiffs League of Women Voters of Louisiana and League of Women Voters Education Fund, Voice of the Experienced, National Association for the Advancement of Colored People Louisiana State Conference, and Power Coalition for Equity and Justice (collectively, "Plaintiffs") oppose the motion. (Doc. 91.) Defendants have filed a reply. (Doc. 99; *see also* Doc. 103 (notifying the Court of a related lawsuit filed in the United States District Court for the Western District of Louisiana).) Plaintiffs have filed a sur-reply. (Doc. 109.)

Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the written reasons to be assigned, the Court will GRANT IN PART and DENY IN PART Defendants' *MTD*.

Defendants filed their *MTD* pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. (*Id.*) Regarding Defendants' 12(b)(1) argument, Defendants assert that Plaintiffs' suit must be dismissed because (1) Plaintiffs failed to comply with the NVRA's notice requirement; (2) Plaintiffs lack standing; (3) Plaintiffs' claims are not ripe; and (4) Defendant Landry and the State Defendants have sovereign immunity.

(Doc. 86-1 at 2.) With respect to Defendants' 12(b)(6) argument, Defendants assert that (1) Plaintiffs have not adequately pled a vagueness claim; (2) Plaintiffs have not adequately pled Equal Protection claims; and (3) Plaintiffs have not adequately pled NVRA claims. (*Id.* at 2–3.)

The Court finds that with regard to Defendants' NVRA notice arguments, the *MTD* is granted because the January 28, 2025, letter did not contain any existing violations of the NVRA. Therefore, the NVRA claims, Counts II–V, and the State Defendants, are dismissed without prejudice.

With respect to Defendants' Article III standing argument, the Court finds the Plaintiffs do have Article III associational standing. With respect to this issue, Defendants' *MTD* is denied.

Regarding Defendants' ripeness arguments, the Court finds the remaining claims—the Constitutional challenges—are ripe because of Lafayette Parish's requests for proof of citizenship. Consequently, the *MTD* is denied.

With respect to Defendants' sovereign immunity arguments, the *MTD* is denied. The Court finds there to be a scintilla of enforcement activity ongoing by the Secretary of State to trigger the *Ex parte Young* exception to sovereign immunity.

Moreover, regarding Defendants' vagueness argument, their *MTD* is denied as the Court finds that Plaintiffs have alleged facts that plausibly show that Act 500 does not sufficiently explain how voter registration applicants can comply with it.

The Court also finds that Plaintiffs have plausibly alleged that Lafayette Parish's requests for proof of citizenship discriminate based on national origin and disparately treat similarly situated voters based on parish of residence in violation of the Equal Protection Clause. Therefore, Defendants' *MTD* regarding this argument is denied.

Further, the Court will not address Defendants' argument that Plaintiffs did not adequately plead NVRA claims as those were dismissed for lack of subject matter jurisdiction.

Finally, the Court will grant Plaintiffs leave to amend to address the above-mentioned deficiencies if same can be cured in good faith.

Accordingly,

**IT IS ORDERED** that Defendants' *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)* (Doc. 86) is **GRANTED IN PART** and **DENIED IN PART**. With respect to Plaintiffs' NVRA claims—namely Defendants' arguments as to Plaintiffs' NVRA notice—the *Motion to Dismiss* is **GRANTED**, and Plaintiffs' NVRA claims are **DISMISSED WITHOUT PREJUDICE.** In all other respects, the *Motion to Dismiss* is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs shall have one hundred thirty-two (132)[1] days from issuance of the Court's written reasons on Defendants' *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)* (Doc. 86) in which to cure the above deficiencies regarding their NVRA claims if same can, in good faith, be cured. If Plaintiffs fail to do so, all remaining deficient claims will be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on September 29, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

[1] One hundred thirty-two (132) days allows Plaintiffs fourteen (14) days to send Defendants a new NVRA notice letter, wait the required ninety (90) days, and then file an amended complaint within twenty-eight (28) days.